UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:06-CR-485-1 |
| | § | |
| LEONEL DE LA TORRE | § | |

## ORDER

Pending before the Court is Leonel De La Torre's letter complaining that counsel did not file his requested notice of appeal and requesting that his letter be construed as a notice of appeal. D.E. 167. The letter motion was received by the Clerk on August 26, 2013. For the reasons set out below, De La Torre's construed motion for an extension of time to file a notice of appeal is DENIED.

De La Torre was sentenced on May 23, 2013, to serve 165 months imprisonment with three years supervised release after his guilty plea to Conspiracy to Launder Monetary Instruments. D.E. 165. Judgment was entered on the docket on May 24, 2013.

"An appeal permitted by law as of right from a district court to a court of appeals may be taken only by filing a notice of appeal with the district clerk within the time allowed by Rule 4." Fed. R. App. P. 3. Rule 4(b) requires a notice of appeal in a criminal case to be filed within 14 days from the date judgment is entered on the docket. Fed. R. App. P. 4(b)(1)(A). The Rule allows a motion for extension of the time to file the notice of appeal if the requested extension is within thirty days of the due date.[1] Fed. R. App. P. 4(b). Although Rule 4(b)(1)(A)'s time limit

---

[1] Currently, Rule 4(b)(1)(A) sets the time within which a criminal defendant must file a notice of appeal:

> In a criminal case, a defendant's notice of appeal must be filed in the district court within 14 days after the later of:
> (i) the entry of either the judgment or the order being appealed; or

for filing a timely notice of appeal is not jurisdictional, it is mandatory. United States v. Martinez, 496 F.3d 387, 388 (5th Cir. 2007) (following reasoning in Bowles v. Russell, 551 U.S. 205, 211-13 (2007)). A defendant does not have a right to have his untimeliness for filing his notice of appeal disregarded. United States v. Leijano-Cruz, 473 F.3d 571, 574 (5th Cir. 2006).

De La Torre's notice of appeal was required to be filed on or before June 7, 2013. Any motion to extend the time to file his notice of appeal was required to be filed thirty days later, or on or before July 7, 2013. De La Torre's letter motion is dated August 20, 2013, and postmarked August 23, 2013. Although the mailbox rule applies, De La Torre's notice is still 44 days too late. Fed. R. App. P. 4(c)(1). Because De La Torre's construed motion for extension of time to file a notice of appeal was filed beyond the deadline the Court DENIES the construed motion for an extension of time to file a notice of appeal (D.E. 167).

Counsel's failure to file a timely notice of appeal after being requested to do constitutes ineffective assistance of counsel. United States v. Tapp, 491 F.3d 263 (5th Cir. 2007). A defendant may bring such a claim in a motion to vacate, set aside or correct sentence pursuant to

---

(ii) the filing of the government's notice of appeal.

Fed. R. App. P. 4(b)(1)(A). Rule 4(b)(4) states:

> Upon a finding of excusable neglect or good cause, the district court may-before or after the time has expired, with or without motion and notice-extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time otherwise prescribed by this Rule 4(b).

28 U.S.C. § 2255. The Clerk is instructed to send De La Torre the form to file a § 2255 motion should he wish to do so.

    SIGNED and ORDERED this 6th day of September, 2013.

                                                      _____
                                                          Janis Graham Jack
                                                 Senior United States District Judge