United States District Court
Southern District of Texas
**ENTERED**
May 17, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:06-CR-485-1 |
| | § | |
| LEONEL DE LA TORRE | § | |

**ORDER DISMISSING MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE, AND DENYING A CERTIFICATE OF APPEALABILITY**

Leonel De La Torre filed a motion entitled Reconsideration Motion to Reduce Sentence. D.E. 222. De La Torre seeks relief available, if at all, pursuant to a motion to vacate, set-aside or correct sentence. 28 U.S.C. §2255. For the reasons stated herein, the Court dismisses De La Torre's motion and denies him a certificate of appealability.

De La Torre was sentenced in 2013 to 165 months in the Bureau of Prisons after his guilty plea to conspiracy to commit money laundering and. D.E. 165. He filed a motion to vacate pursuant to 28 U.S.C. § 2255 in 2014. After an evidentiary hearing, the Court denied his motion. D.E. 212, 213. De La Torre next filed a motion to reduce sentence pursuant to Amendment 782 and § 3582(c) that the Court denied in 2015. D.E. 219. Although De La Torre's present motion bills itself as a motion for reconsideration, it seeks different relief.

**MOVANT'S REQUESTED RELIEF**

De La Torre complains that the government breached its plea agreement and he was sentenced in violation of that agreement. He argues that if the government had complied with his plea agreement, his offense level would have been 35, not 41 and eligible for relief pursuant to Amendment 782. Whether the government breached its plea agreement cannot be decided in a § 3582(c) proceeding.

## ANALYSIS

Because De La Torre's present motion was filed after a previous § 2255 motion, his current motion is a second or successive motion. In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> > (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> > (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

De La Torre's motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, this Court does not have jurisdiction over the motion. Accordingly, his motion (D.E. 222) is DISMISSED as second or successive. *United States v. Orozco-Ramirez*, 211 F.3d 862, 869 (5th Cir. 2000) (district court properly dismissed second or successive claim).

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C.

§ 2253(c)(1)(A). Although De La Torre has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court finds that De La Torre cannot establish at least one of the *Slack* criteria. Accordingly, he is not entitled to a COA as to his claims.

## CONCLUSION

For the foregoing reasons, De La Torre's motion (D.E. 222) is DISMISSED and he is DENIED a Certificate of Appealability.

SIGNED and ORDERED this 17th day of May, 2017.

_____
Janis Graham Jack
Senior United States District Judge